**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **AVIONIQS, LLC,**<br><br>                         Plaintiff,<br>v.<br><br>**SPIRIT AIRLINES, INC.**<br><br>                        Defendant. | Case No. 3:15-cv-385<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Avioniqs, LLC files this Complaint against Defendant Spirit Airlines, Inc., for infringement of United States Patent Nos. 5,771,020 (the "'020 Patent") and 7,688,214 (the "'214 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Avioniqs, LLC ("Plaintiff" or "Avioniqs") is a Texas limited liability company with its principal office located in Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702.

4. Upon information and belief, Defendant Spirit Airlines, Inc. ("Defendant") is a corporation organized and existing under the laws of Delaware, with a principal office located at 2800 Executive Way, Miramar, Florida 33025. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the

state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas, at least in connection with Defendant's flights into and out of DFW Airport.

5. Defendant has used and continues to use the Accused Products (as defined below) in the Northern District of Texas, at least in connection with Defendant's flights into and out of DFW Airport.

**VENUE**

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 5,771,020)**

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

9. Plaintiff is the owner by assignment of the '020 Patent with sole rights to enforce the '020 Patent and sue infringers.

10. A copy of the '020 Patent, titled "Lightning Locating System," is attached hereto as Exhibit A.

11. The '020 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. The '020 Patent is a prominent patent in the field of weather radar systems. This is evidenced in part by the extent to which the '020 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '020 Patent has been

forward-cited in more than 30 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies and institutions as Rockwell Collins, GE, Nokia, L-3Comunications Avionics Systems, and Johns Hopkins University.  The '020 Patent has also been forward-cited in U.S. patents issued to the United States of America, as represented by the Secretary of the Navy, the Secretary of Commerce, and NASA.

### (Direct Infringement)

13.     Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '020 Patent, including at least claim 19, by using weather radar systems including lightning location detection systems (the "Accused Products for the '020 Patent").

14.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

15.     Plaintiff is in compliance with 35 U.S.C. § 287.

### COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 7,688,214)

16.     Plaintiff incorporates paragraphs 1 through 6 herein by reference.

17.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

18.     Plaintiff is the owner by assignment of the '214 Patent with sole rights to enforce the '214 Patent and sue infringers.

19.     A copy of the '214 Patent, titled "Weather Warning System and Method," is attached hereto as Exhibit B.

20. The '214 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

### (Direct Infringement)

21. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '214 Patent, including at least claim 12, by using weather radar systems for detecting the occurrence of a weather condition (the "Accused Products for the '214 Patent" and, collectively with the Accused Products for the '020 Patent, the "Accused Products").

22. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

23. Plaintiff is in compliance with 35 U.S.C. § 287.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 5,771,020 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from

further infringement of United States Patent No. 7,688,214 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

d) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

e) Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

f) Award Plaintiff pre-judgment and post-judgment interest and costs; and

g) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: February 6, 2015                                 Respectfully submitted,

                                                        /s/ Craig Tadlock
                                                        Craig Tadlock
                                                        State Bar No. 00791766
                                                        John J. Harvey, Jr.
                                                        State Bar No. 09179770
                                                        TADLOCK LAW FIRM PLLC
                                                        2701 Dallas Parkway, Suite 360
                                                        Plano, Texas 75093
                                                        214-785-6014
                                                        craig@tadlocklawfirm.com
                                                        john@tadlocklawfirm.com

                                                        ***Attorneys for Plaintiff Avioniqs, LLC***